NATIONAL MUT. CASUALTY CO. et al.
v. PINKSTON.

No. 12602.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1949.

Ralph W. Currie, Dallas, Tex., Lucian Touchstone, Dallas, Tex., for appellants.

Jack Pinkston, in pro. per., F. B. Davenport, Dallas, Tex., for appellee.

Before HUTCHESON and RUSSELL, Circuit Judges, and DOOLEY, District Judge.

HUTCHESON, Circuit Judge.

Appellants filed a petition in involuntary bankruptcy to adjudicate appellee bankrupt. They alleged that appellee was indebted to them and that within four months next preceding the filing of the petition he had committed acts of bankruptcy: (a) with intent to hinder, delay, and defraud his creditors, he concealed part of his property by maintaining a bank account in another name than his own; (b) he suffered and permitted while insolvent one of his creditors to obtain liens, to-wit three garnishment liens, upon certain of his property; and (c) he has concealed, and is concealing other assets with the intent and purpose of hindering, delaying, and defrauding his creditors.

The defendant, admitting that he owed debts as charged and that plaintiffs had judgments against him as claimed, denied that he had committed any of the acts of bankruptcy charged against him. Further claiming that plaintiffs are not in court with clean hands, he alleged that one of the plaintiffs is the person who had obtained the garnishment liens charged as acts of bankruptcy.

The cause came on to trial before the district judge without a jury. The defendant took the stand at the instance of petitioners, and, in the course of the examination, admitted owing debts in large amounts, to-wit in the neighborhood of $20,000 but claimed that in offset of these debts he had claims against persons on which he was suing, or would sue, aggregating more than these sums. He also un-

---

dertook to testify that "current operating money," he had given his wife to operate the house on, in the bank was not his money but her money, a claim which the district judge correctly characterized with the statement that the money was "community property. You both know that and I think the court might figure that out".

At the conclusion of the testimony, the district judge gave an oral opinion,[1] in the course of which he found "the testimony shows that the man is solvent. It does not show that he is insolvent".

Plaintiffs have appealed. Here insisting that the record does not support the finding but that it supports one quite to the contrary, appellants insist that the judgment must be reversed.

We are of the same opinion. In addition to what the judge himself found, that the defendant was "skating on very thin ice financially because of his apparent ability to look out for his own comfort before he pays those who he owes", we think the evidence leaves in no doubt that by no reasonable estimate of the value of the sketchy assets claimed by appellee can it be found that they equal or exceed the amount of the debts he admits. If, therefore, the case were to be decidede on the record as made, we should be compelled to reverse the judgment and order the defendant adjudicated a bankrupt. In view, however, of the fact that the record does not conclusively show that defendant if allowed more time could not make more adequate proof,

we are of the opinion that justice will be better done by reversing the judgment and remanding the cause for a further hearing and determination of the tendered issues.

Reversed and remanded.

1. The Court:

"Well, I guess we all know, that the Bankruptcy Act, which came along in 1898 [11 U.S.C.A. § 1 et seq.], was in obedience to a constitutional provision which apparently was for the purpose of lifting the burden of debt, now and then, from indigent creditors. It was supposed to pass off again, it was not supposed to continue, but it has continued ever since.

"I know nothing in the Act which requires one to be adjudicated a bankrupt who is just a natural non-debt payer. He must do the things enumerated in the statute before he can be so declared. He can have money aplenty, he can owe debts, and plenty of them, and not pay them, and still not be a bankrupt. The Act provides that he must be insolvent and that certain things must be done by the creditors within four months. Those standards have not been met here by these petitioners.

"The testimony shows that this man is solvent, it does not show that he is insolvent. It does show that he is skating on very thin ice financially because of his apparent ability to look out for his own comfort before he pays those whom he owes. That may ultimately bankrupt him in the estimation of his neighbors, but that is a matter for him to figure out, as he will find in due time.

"The adjudication is denied. Please draw an order, to be signed by Mr. Currie, saving such exceptions as he may wish."